IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 02-20335

————————————

B-F INVESTMENTS, a Texas Joint Venture, et al.,

Plaintiffs,

B-F Investments, a Texas Joint Venture,

Plaintiff-Appellant,

versus

RESOLUTION TRUST CORPORATION, et al.,

Defendants,

FEDERAL DEPOSIT INSURANCE CORPORATION,

Defendant - Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Texas
(H-95-4500)

————————————

November 6, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Appellant asserts that the district court erred in denying its post-judgment motion to order the release of certain funds it had deposited in escrow in connection with a failed real estate contract. Finding no abuse of discretion, we affirm.

## I. FACTS AND PROCEEDINGS

In 1991, appellant B-F investments sued Sunbelt Savings in state court seeking specific performance of the parties' real estate contract and consequential damages. After the FDIC took over Sunbelt, the case was removed to federal court. In May 1996, the district court granted defendants summary judgment, and we affirmed. *See B-F Investments v. Federal Deposit Ins. Corp.*, No. 96-20576 (5th Cir. Aug. 19, 1997) (per curiam) [*B-F I*].

The real estate contract required B-F, the buyer, to put certain "earnest money" in an escrow account as the seller's exclusive remedy in case of B-F's default. In March 1999—almost three years after the district court's final order—FDIC filed a Federal Rule of Civil Procedure 60(b) motion for the district court to order the escrow agent to release the money to FDIC on the ground that the district court's opinion established B-F's breach.

The district court granted the motion, but we reversed. *See B-F Investments v. Federal Deposit Ins. Corp.*, No. 99-20863 (5th Cir. Mar. 13, 2001) [*B-F II*]. We pointed out that (1) the FDIC did not assert in its answer that it was entitled to any affirmative relief, (2) the district court did not grant FDIC any affirmative relief, and (3) the order prevented B-F from asserting any defenses. *B-F II* at 4. We concluded that there were no "extraordinary circumstances" to justify Rule 60(b) relief and that for FDIC to recover the earnest money, "the FDIC must file a separate action to assert its remedies, to which B-F Investments may respond with any available defense." *Id*. at 5.

2

In July 2001, B-F filed a motion in the district court styled, "Plaintiff's Motion for Order Returning its Earnest Money and Request for Attorney's Fees." B-F argued that it was entitled to the money because the real estate contract was never consummated, or in the alternative, because any of FDIC's claims to the money would be abandoned or time-barred. The district court denied the motion as "improper," and B-F now appeals.

## II. STANDARD OF REVIEW

Neither party has alerted this Court as to the procedural basis for B-F's motion. Considering that the motion was filed over five years after the district court's final order, we conclude that the only possible basis for this motion is Rule 60(b)(6)— the same Rule under which FDIC originally argued that it was entitled to the earnest money.

"The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

## III. ANALYSIS

Rule 60(b) defines the circumstances under which a party may obtain relief from a final judgment. "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970). Rule 60(b)(6) is the catch-all that allows a district court to relieve a party from a final judgment for "any . . . reason justifying relief from the judgment," FED. R. CIV. P. 60(b)(6), and it should only be applied in extraordinary circumstances. *See Liljeberg v.*

3

*Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *Ackerman v. United States*, 340 U.S. 193, 202 (1950); *Klapprott v. United States*, 335 U.S. 601, 613 (1949).

We concluded last year, in this same lawsuit, that the circumstances of the case were not so extraordinary as to justify modifying a judgment, long since final, to award FDIC the disputed money. *B-F II* at 4-5. The circumstances are no more extraordinary now that B-F asks the Court to modify the same (now older) judgment to award it the same disputed money. This is especially true considering that the district court's final judgment on the merits expressly stated that B-F was *not* entitled to the money it now claims. In rejecting B-F's claim that FDIC converted a portion of the earnest money, the district court stated that "Plaintiffs are not entitled to those funds because they breached the contract." *B-F Investments v. Federal Deposit Ins. Corp.*, No. H-95-4500, at 14 (S.D. Tex. May 14, 1996). In spite of this language, B-F asserts that FDIC's own claim to the money has now expired.

We express no view as to who rightfully owns the earnest money because we conclude that Rule 60(b)(6) is the improper vehicle for litigating these issues. In *B-F II* we concluded that "Because the court did not address the seller's remedies under the contract, the FDIC must file a separate action to assert its remedies. . . ." *B-F II* at 5. Applying that point to B-F as well, we conclude that because the district court did not address *any party's* remedies under the contract, any party wanting to recover the earnest money must file a separate action.

### IV. CONCLUSION

Because the district court did not abuse its discretion, we affirm.